## JOHN WHEELER *versus* PLINY SLOCUMB.

F, who had lent the sum of $100 to B, having demanded payment thereof, B deliv-
ered to him a note for $150, which was executed by B, as principal, and the
defendant, as surety, and was payable to the Blackstone Bank, and requested him
to get it discounted by the Bank and to pay himself out of the proceeds; F agreed
to do this, and in consequence forbore to sue B, although he had not promised so to
do. It was *held*, that the note was given to F on a good consideration; that the
defendant had no right to revoke the authority given to F by B to get the note
discounted, although B had failed before it was discounted ; that as the directors
of the bank would have been authorized to discount the note for the benefit of F,
at least to the extent of his interest therein, even if the circumstances under which
he received the note from B had been disclosed to them, notwithstanding the
defendant had given them notice of the failure of B and requested them not to
discount it, there was no fraud on the part of F, in omitting to disclose these
circumstances to them ; and that the giving up such note by F to the defendant,
was a good consideration for a new note given by the defendant to F. .

THIS was assumpsit upon a promisory note, for the sum
of $100, dated July 2, 1832, made by the defendant, payable
to Peter Farnum as agent, on demand, and indorsed to the
plaintiff without recourse, by Farnum, more than six months
after its date.

At the trial, before *Shaw* C. J., the defence was, that the
note was given without consideration.

It appeared, that Farnum had lent the sum of $100 to
Moses Bigelow ; that upon his demanding payment of this
sum, Bigelow produced a note, for the sum of $150, dated
June 26, 1832, executed by Bigelow, as principal, and by the
defendant, as surety, jointly and severally, and payable to the
Blackstone Bank, and requested Farnum to get it discounted,
and pay himself out of the proceeds ; that Farnum would not
promise not to sue him ; that Farnum finally concluded to
take the note and get it discounted, if he could ; that soon
afterwards Bigelow absconded, leaving debts unpaid ; that the
defendant immediately sent a messenger to the Blackstone
Bank, to give notice thereof, to inquire if the note had then
been discounted, and to request that it might not be ; that the

messenger was informed by the cashier, that the note had not been discounted, and that under the circumstances, it would not be discounted ; that at this time no discount day had intervened after the note had been delivered by Bigelow to Farnum ; that on the next discount day, which was a few days afterwards, the defendant inquired of Farnum, who was a director of the Bank, if he had the note ; that Farnum informed him, that it was discounted ; that the defendant said he understood that it had not been discounted, and Farnum replied, that as a director, he had a right to discount it, or to have it discounted ; that on the same day, but before the regular meeting of the directors, Farnum went to the bank, and finding two other directors there, requested them to discount the note ; that they assented, and these three directors placed their initials on the note, as evidence of their having consented to discount it ; that it was handed to the cashier, but not entered on the books of the bank, although the cashier would have considered the initials of the three directors, as authorizing him to pass the note as discounted ; that about the time of the meeting of the directors, the defendant went to the bank, and in a conversation with Joseph Thayer, one of the directors, said that he came to inform the board that Bigelow had absconded, and to prevent the notes from being discounted ; that Thayer stated that the note was discounted, but that if he had known that Bigelow had failed, they should not have discounted it ; and that after the meeting of the directors, the note was delivered by the cashier to Farnum, and the note now in suit was, by agreement, given in discharge thereof.

It further appeared, that notes were sometimes discounted by three directors out of the bank, and that sometimes, though more rarely, small notes were so discounted by a single director

Upon these facts, the judge was of opinion, that Bigelow had a right to deposit the note with Farnum, with a power to get it discounted, for a valuable consideration ; that Farnum having received it with this authority, as collateral security, to the extent of his own debt, had it for value ; that although it was not payable to himself, yet that he held under a power

coupled with an interest, which the defendant could not re voke by notice to the bank ; that when discounted, it was a binding contract on the defendant, at least to the extent of Farnum's interest therein ; and therefore, that the giving it up was a good consideration for the note in suit.

The defendant proposed to ask the judge to instruct the jury, that if the circumstances under which Farnum took the note of Bigelow were concealed from the directors of the bank, it was a fraud which would render the note void and unavailing to him. But the judge was of opinion, that if these circumstances had all been disclosed to the directors, they would have had a right to discount the note at Farnum's re- quest and for his benefit, to the extent of his interest in it, notwithstanding the notice and protest of the defendant ; and that when thus discounted, it would have been a valid con- tract, which they could enforce.

Whereupon a default was entered, subject to the opinion of the Court upon these facts. If the Court should be of opin- ion, that the note was given without consideration, or that the plaintiff was not otherwise entitled to recover, the plaintiff was to become nonsuit.

*Oct. 2d.*      *Washburn*, for the defendant. As the note in suit was overdue at the time when it was indorsed, the plaintiff is sub- ject to the same defence, as if the action were brought by Farnum, the promisee. The original note, at the time when it was delivered to Farnum, had none of the qualities of ne- gotiable paper ; it was the mere evidence of a debt due from Bigelow. Toller on Executors, 235. Farnum received the note, therefore, as the assignee of Bigelow, and was conse- quently, subject to the same equity as his assignor. *Willis* v. *Twambly*, 13 Mass. R. 204 ; *Saunders* v. *Frost*, 5 Pick. 259. Now it is clear that Bigelow could not have maintained an action upon it against the defendant. *Merrimack Bank* v. *Parker*, 7 Pick. 88.

If the defendant had paid money to Farnum instead of giving the note in suit, it could not probably be recovered back ; *Herbert* v. *Champion*, 1 Campb. 134 ; but the consid- eration of the note may be inquired into. The delivery of the original note to Farnum by Bigelow was without con

sideration ; for Farnum made no new promise to Bigelow. 3 Kent's Comm. 52. There was therefore no good consideration for the note now in suit. *Hill* v. *Buckminster*, 5 Pick. 391.

If it be said that the original note was transferable by delivery as a pledge, we answer, that when it was delivered to Farnum, it was a mere proposition to the bank, and was not to become a contract, until it should be discounted by the bank. It was like a premium note in a case where the risk has not been assumed by the insurer. *Russell* v. *De Grand*, 15 Mass. R. 38 ; *Gaunt* v. *Hill*, 1 Stark. R. 10 ; Com. Dig. *Action upon the case upon assumpsit*, F 2 ; *Cooke* v. *Oxley*, 3 T. R. 653 ; *M'Culloch* v. *The Eagle Ins. Co.*, 1 Pick. 278. All persons not claiming under the bank are strangers, for the promise was made to the bank only. *Allen* v. *Ayers*, 3 Pick. 298.

The defendant had a right to revoke his promise at any time before the note should be actually discounted by the bank, in case of the insolvency of Bigelow. If an agreement be not accepted so as to be obligatory on both parties, it may be rescinded by either. *Babson* v. *Webber*, 9 Pick. 164 ; Chitty on Contracts, 4 ; *Reader* v. *Knatchbull*, cited 5 T. R. 218 ; Newland on Contracts, 256.

*Allen* and *Wood*, for the plaintiff, to the point, that Farnum held the original note, upon its delivery to him, by a power coupled with an interest, and so that this authority could not be revoked by the defendant, cited Co. Lit. 113 *a*, 181 *b*.

WILDE J. delivered the opinion of the Court. Upon the facts reported, we cannot doubt, that the instructions to the jury were perfectly correct, and that the plaintiff is well entitled to judgment. The note sued was given for another note of hand, which Farnum held, payable to the president and directors of the Blackstone Bank, in which he had an interest, and which he had a right to get discounted at the bank for his own benefit. This note was given on a good consideration ; for it was given to secure his debt, and in consequence he forbore to sue Bigelow, although he did not, at the time of receiving the note, promise so to do.

Farnum being thus in possession of the note, coupled with

an interest and an authority to get it discounted, the defendant had no right to interpose and revoke the authority. If the note was only valid as against Bigelow, and against him it was unquestionably valid, the giving it up was a good consideration for the note sued.

And we think it quite clear, that the bank would have had a right to discount the note for the benefit of Farnum, at least to the extent of his interest, notwithstanding the notice and protest of the defendant, and consequently, that there was no fraud in the omission to disclose the facts to the directors.

*Judgment on the default.*